## PUCILOWSKI v. PACKARD MOTOR CAR CO.

1. WORKMEN'S COMPENSATION—INJURY MUST BE DUE TO ACCIDENT TO BE COMPENSABLE.

    If injury to employee was not occasioned by an accident or fortuitous event, the result is not compensable.

2. SAME—FRACTURED SKULL—EPILEPSY—PROXIMATE CAUSE — CONJECTURE.

    In dependents' proceeding to recover compensation for death of employee who, while about to receive his lunch and without slipping or being struck by anything, threw his head upward, fell backward, struck his head upon the cement floor and fractured his skull and subsequent unconscious manifestations were such as accompany either an epileptic seizure or a skull fracture leaving the symptomatic effect wholly conjectural as to cause, there can be no weighing of probabilities or a drawing of reasonable inferences as to the proximate cause, hence there is no proper basis for affirmative finding by department of labor and industry that an accident or fortuitous event occurred.

3. SAME—BURDEN OF PROOF.

    Burden of establishing claim for compensation under workmen's compensation act rests on those seeking an award.

4. SAME—INFERENCES—CONJECTURE.

Applicant for compensation under workmen's compensation law may not recover if an inference favorable to him can be arrived at only by conjecture or speculation or if there are two or more inferences equally consistent with the facts arising out of the established facts.

Appeal from Department of Labor and Industry. Submitted October 6, 1936. (Docket No. 5, Calendar No. 38,418.) Decided December 9, 1936.

Rose Pucilowski, widow, and minor children presented their claim for compensation against Packard Motor Car Company for death of Peter Pucilowski while in defendant's employ. Award to plaintiffs. Defendant appeals. Reversed.

*Stanley B. Dombrowski (William P. Long,* of counsel), for plaintiffs.

*Carl R. Binns (Henry E. Bodman,* of counsel), for defendant.

WIEST, J. The department of labor and industry found that Peter Pucilowski, an employee of defendant, met with a fall, arising out of and in the course of his employment, resulting in a fractured skull and consequent death, and awarded compensation to his dependents, reversing a contrary holding by a deputy commissioner. Defendant denied liability and claimed that the fall was by reason of an epileptic seizure.

It was the lunch hour of the employee and he was walking on the premises of defendant on the way to get his lunch, which was brought by his wife and handed by her to another employee to take to him. Just as he was about to receive the lunch he threw his head upward and fell backward, striking his head upon the cement floor and received a fractured skull.

He did not slip, nor did anything strike him. Another employee, who saw him fall and immediately went to him, testified that his eyes rolled, his face got kind of white, froth and blood came out of his mouth, his lips seemed to get blue, his limbs twitched and then straightened out, his fists doubled up and his legs had to be bent before he could be seated in a chair and later, when being taken to the hospital, he grabbed hold of the door of the car, apparently to keep from getting in. He was taken to the hospital and died about 12 hours later, and a *post mortem* resulted in a finding that death resulted from traumatic cerebral hemorrhage, following a fractured skull. Of course, this would be the case, but if the fall was not occasioned by an accident or fortuitous event the result thereof was not compensable.

The appearance and actions of the injured man immediately after the fall did not indicate the cause of the fall, for they might indicate either an epileptic seizure or a fractured skull according to the medical witnesses.

The chief surgeon of defendant company had the injured man under his personal observation for an hour or an hour and a half immediately following his fall and then diagnosed the case as epilepsy.

In answer to a hypothetical question, a medical expert, who was also the coroner, testified:

"The cause of death in this particular case was the fracture of the skull. The symptoms which this man presented could be interpreted as a shock, as an irritation due to the fracture. Irritation due to the filling of blood over the meninges of the brain will frequently give convulsions, frothing at the mouth, blue lips, and so forth, cyanosis."

The cause of death was undoubtedly a fractured skull, but was the proximate cause of the fall an ac-

cident or an epileptic seizure? The employee fell and fractured his skull. What caused him to fall? He did not slip. He threw his head upward and fell backward. His subsequent unconscious manifestations were such as accompany an epileptic seizure and also a skull fracture, thus leaving the symptomatic effect wholly conjectural as to cause. In such case there can be no weighing of probabilities or a drawing of reasonable inferences as to the proximate cause.

As said in *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich. 130, 137:

"The burden of establishing a claim for compensation rests on those seeking the award. * * * If an inference favorable to the applicant can only be arrived at by conjecture or speculation the applicant may not recover. So if there are two or more inferences equally consistent with the facts, arising out of the established facts, the applicant must fail."

See, also, *Swedberg* v. *Standard Oil Co.,* 271 Mich. 184.

We find no evidence of causal connection between the employment and the cause of death. Plaintiff produced no testimony as to what caused the fall. The department found that the fall was from some unknown cause. There was no evidence warranting an affirmative and essential finding that an accident or fortuitous event occurred.

The award was without supporting evidence and is vacated, with costs to defendant.

North, C. J., and Fead, Butzel, Bushnell, Sharpe and Toy, JJ., concurred. Potter, J., did not sit.