BROZOZOWSKI *v.* SWEDISH CRUCIBLE STEEL CO.

1. WORKMEN'S COMPENSATION—FINDINGS OF FACT BY DEPARTMENT—EVIDENCE.

On appeal from department of labor and industry, findings of fact by the department are final when supported by competent evidence (2 Comp. Laws 1929, § 8451).

2. SAME—OCCUPATIONAL DISEASES—HERNIA.

While prior to the occupational disease amendment of the workmen's compensation law an occupational disease was not compensable, by virtue of the provisions of that amendment disability arising from hernia clearly recent in origin and resulting from a strain, arising out of and in the course of employment, and promptly reported to the employer, was made compensable (Act No. 10, pt. 7, § 2, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

3. SAME—HERNIA—EVIDENCE—REPORT OF MEDICAL COMMISSION.

Finding of department of labor and industry that plaintiff's left inguinal hernia resulted from lifting pailfuls of solvent from well in steel mill by means of pail at end of a rod, was directly within his employment, arose out of it, and was clearly of recent origin and promptly reported to employer, hence compensable under the occupational disease amendment of the workmen's compensation act, *held*, fully justified by evidence presented by plaintiff and medical commission (Act No. 10, pt. 7, §§ 2, 6, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937).

4. SAME—HERNIA—FINDING OF DEPARTMENT—TOTAL DISABILITY—EVIDENCE.

Evidence that foundry laborer who suffered from left inguinal hernia which arose out of and in the course of his employment was unable to work at the time of the hearing was sufficient to support department's finding of total disability.

Appeal from Department of Labor and Industry. Submitted April 9, 1941. (Docket No. 39, Calendar No. 41,473.) Decided June 2, 1941.

John Brozozowski presented his claim for compensation against Swedish Crucible Steel Company, employer. Award to plaintiff. Defendant appeals. Affirmed.

*Jack N. Tucker,* for plaintiff.

*Welsh & Hill,* for defendant.

CHANDLER, J. This is an appeal by defendant from an award by the department of labor and in-

dustry awarding to plaintiff compensation for total disability.

Inasmuch as we believe the controversy involved is largely a question of fact, and the findings of the department being brief, we deem it advisable to quote here the department's findings and conclusions in full:

"Plaintiff testified in the above matter that on or about March 19, 1940, while at work as a laborer wheeling sand and dipping "slush" out of a well he suffered a serious pain in his left inguinal region. Defendant disputed that he had a hernia. He was examined by a medical commission appointed by this department under Act No. 10, pt. 7, § 6, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937* (occupational disease amendment). The commission reported that he was suffering from a left inguinal hernia.

"Plaintiff's testimony as to the occurrence is that he was lifting a pail of slush out of a well when he felt a sharp pain in his stomach; that he reported to his foreman, Bulak, the following day. On advice of the steward of his union he ceased work on March 19, 1940.

"Defendant argues that a hernia is not an occupational disease under Act No. 10, pt. 7, Pub. Acts 1912 (1st Ex. Sess.); as added by Act No. 61, Pub. Acts 1937. In this, we think, it is mistaken. It is not only specifically set up in the schedule in section 2 of [part 7 of] the act but occupational diseases are extended to conditions as well as diseases. A purist in the use of language probably might say that a hernia was not a disease but it is clearly a condition and is compensable under subdivision 28 of section 2 of [part 7 of] the act. In this case the employee suffered the pain in his stomach as he says. He seeks compensation for a hernia. He was examined

---

* Comp. Laws Supp. 1940, §§ 8485–1 to 8485–13, Stat. Ann. 1940 Cum. Supp. § 17.220 *et seq.*—Reporter.

by a commission appointed by this department and found to have a hernia and we are bound by the commission's determination. Defendant filed a report of a noncompensable accident stating that the nature and cause of injury was: 'Claims rupture from lifting pail of solvent.' It was dated March 20, 1940. Defendant had notice or knowledge of the accident. It resulted from the lifting of the pail of solvent from the well which was directly within his employment and arose out of it and plaintiff testified that he advised the foreman of the accident on the following day. That ought to be sufficiently prompt to comply with the statute.

"The deputy commissioner awarded compensation to plaintiff for total disability from March 20, 1940, until further order of the department at the rate of $18 per week, in which he was correct. His award is affirmed."

Appellant's statement of questions involved follows:

"1. Did plaintiff produce evidence that he suffered a total disability?

"2. Did plaintiff suffer a hernia in the nature of an occupational disease?"

The counterstatement of questions involved by appellee is as follows:

"1. Is there sufficient evidence in the record to sustain the award that plaintiff sustained an occupational disease (hernia) for which he is entitled to compensation?

"2. Is there a question of law involved in this appeal?"

It is unnecessary to cite authorities on the proposition that on appeals from the department of labor and industry, the findings of fact by the department when supported by competent evidence are final.[*]

---

[*] See 2 Comp. Laws 1929, § 8451 (Stat. Ann. § 17.186).—Reporter.

We will discuss the questions raised by the appellant in the following order: First, did plaintiff suffer a hernia in the nature of an occupational disease?

Prior to 1937 a disability arising from an occupational disease was not compensable.

Act No. 10, pt. 7, § 2, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, provides:

"The disablement of an employee resulting from an occupational disease or condition described in the following schedule shall be treated as the happening of a personal injury by accident within the meaning of this act and the procedure and practice provided in this act shall apply to all proceedings under this part except where specifically otherwise provided herein:"

Subsection 28 of section 2 of part 7 contains this provision applying to hernia:

"Disability arising from hernia clearly recent in origin and resulting from a strain, arising out of and in the course of employment, and promptly reported to employer."

There is very little, if any, conflict in the testimony given at the hearing, the only witness sworn on behalf of plaintiff being himself, and but two witnesses, one being an investigator, of defendant, and the other an interpreter who interpreted for such investigator in obtaining a statement from plaintiff on March 25, 1940, which statement was admitted in evidence by the deputy commissioner on the offer of defendant.

The testimony taken before the deputy commissioner shows that plaintiff was employed by defendant as a sand mixer; his duties were to load sand on a wheelbarrow and wheel it across the plant

to a mixing machine. A part of his duties was twice a week for about two hours to bail out of a well a composition referred to as slush. To do this he used a five gallon pail attached to a pole about 4 to 6 feet long; after lifting the slush from the well he would carry it 10 or 15 feet to dump it on a pile. The work performed by plaintiff the rest of the time was loading sand on a wheelbarrow and wheeling it from the room in which it was stored to a machine in which it was used.

Plaintiff testified that on March 9, 1940, he was mixing sand from 7:30 a.m. to 12 o'clock and at 12:30 p.m. he started to empty the well. After lifting about four pails from the well he felt "a pain in the right groin and darkness came to my eyes." The next day plaintiff told his foreman, Bulak, that he had ruptured himself. The foreman replied: "The company will fix it up." The plaintiff quit work on March 18, 1940.

On March 20, 1940, defendant filed with the department of labor and industry a report of noncompensable accident. On May 7, 1940, plaintiff filed notice and application of adjustment of claim under the occupational disease amendment. On May 17th following defendant filed its answer denying liability. On June 5th the department appointed three disinterested physicians connected with the University Hospital to examine plaintiff and make report of their examination to the department as to whether or not plaintiff was suffering from a right and left inguinal hernia. The report of physicians so appointed, which was filed with the department on June 21, 1940, follows:

"Re: John Brozozowski v. Swedish Crucible Steel Co.

"This is to certify that John Brozozowski, Name of Examinee, was examined on the — day of ——,

1940, at University Hospital, Ann Arbor, Michigan and, after said examination, we the undersigned, appointed pursuant to Act No. 10, pt. 7, § 6, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, find that John Brozozowski, Name of Examinee, is suffering from left inguinal hernia, Name of Occupational Disease.''

The testimony of the plaintiff above quoted together with the report of the commission of physicians fully justifies the finding of the department that plaintiff's hernia resulted from lifting the pail of solvent from the well which was directly within his employment and arose out of it, in which case it was clearly recent in origin.

It does not require an imaginative mind to picture the posture of plaintiff in dipping for and lifting pails of solvent from a well of sufficient depth to require the use of a rod from four to six feet in length attached to a pail or can, and of a diameter that would permit the dipping and removal of the solvent therefrom in a five-gallon can or pail. His position in doing this work would be entirely different than that of one doing ordinary heavy lifting or carrying, and it is entirely reasonable to infer from these circumstances that plaintiff in this work was subjected to an unusual strain and that a hernia resulted therefrom. It was demonstrated before the deputy commissioner, who took the testimony, the position that the employee would be in in dipping and drawing this solvent from the well. We hold that the findings of the deputy commissioner which were affirmed by the department on this branch of the case are supported by competent evidence.

Was there competent evidence that plaintiff suffered a total disability? The deputy commissioner and the department found that there was. On the question of plaintiff's physical condition at the time of the hearing plaintiff testified:

"*Q.* How do you feel now?

"*A.* It hurts me by my side. I am carrying a belt (indicating).

"*Q.* Who got you a belt?

"*A.* I did.

"*Q.* Who told you to buy it?

"*A.* Because I couldn't walk. I had to buy a belt."

Plaintiff's statement to defendant's investigator as to his ability then to work, which statement was put in evidence on offer of defendant, is as follows:

"I have not worked since March 19th on which day I worked two hours, doing light work. On March 13th, I went to Dr. Martin. He told me I had the beginning of a rupture on the right side, I had a lump the size of walnut. I then, on or about March 15th, I went to Ford Hospital for examination. I then went to Dr. Sellers on March 21st. I was told I had a rupture on right side and that the left side was weak. I am a foundry laborer. I am not able to work."

The deputy commissioner who conducted the hearing and who had ample opportunity to observe his condition made these findings:

"1. Plaintiff suffered a hernia while in the employ of said defendant Swedish Crucible Steel Company on or about March 9, 1940, in the county of Wayne, State of Michigan;

"2. Plaintiff's average weekly wage at the time of accident was $32.64 and;

"3. Plaintiff is now entitled to receive compensation from said defendant in the sum of $18 a week for total disability from the 20th day of March, 1940, until the further order of the department in accordance with the provisions of Act No. 10, Pub. Acts 1912 (1st Ex. Sess.) *."

---

* The workmen's compensation act, 2 Comp. Laws 1929, § 8407 *et seq.* as amended (Stat. Ann. § 17.141 *et seq.*).—REPORTER.

On review, this finding and award was affirmed by the department.

In *Hood* v. *Wyandotte Oil & Fat Company*, 272 Mich. 190, we said: "The department found total disability. We do not weigh the evidence. The weighing scale is in other hands and, even if we think it out of balance, we cannot reweigh." In *Dubey* v. *Brunswick Lumber Co.*, 272 Mich. 445, we said: "There was evidence upon which the department could make such a finding and we may not review its finding as to facts."

Award affirmed, with costs to plaintiff.

Sharpe, C. J., and Bushnell, Boyles, North, Wiest, and Butzel, JJ., concurred. McAllister, J., took no part in this decision.