RILEY v. KOHLENBERG.

1. Workmen's Compensation—Burden of Proof.
    In a proceeding to recover workmen's compensation the burden of proving the right to compensation is on the party asserting that right.

2. Same—Arising Out of and In Course of Employment—Proximate Cause.
    In awarding workmen's compensation to a plaintiff, the department of labor and industry may not indulge in the assumption of a mere possibility in the nature of a guess as to whether plaintiff's injury arose out of and in the course of his employment (2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943).

3. Same—Nature of Remedy—Insurance.
    The workmen's compensation act is not intended to be either sickness, health or life insurance or to provide benefits for employees suffering from ordinary diseases of life (Act No. 10, pt. 7, § 1, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943).

4. Same—Second-Injury Fund—Order to Show Cause—Burden of Proof.
    It is permissible practice to recover a payment of workmen's compensation into the second-injury fund by way of an order to show cause why such payment should not be made notwith-

standing compensation, if payable at all, is payable to such fund, but such practice does not alter the rule as to burden of proof (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943).

5. SAME—SECOND-INJURY FUND—BURDEN OF PROOF.

The State treasurer, or his representative, as custodian of the second-injury fund under the workmen's compensation act, has the burden of proving the right to payment of compensation into such fund (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943).

6. SAME—REASONABLE INFERENCES—POSSIBILITY.

The department of labor and industry may draw reasonable inferences from established facts and circumstances but may not indulge in the assumption of a possibility based on a possibility and a consequent guess (2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943).

7. SAME—ESTABLISHMENT OF CASE—CONJECTURE—INFERENCES.

An applicant for workmen's compensation cannot recover if an inference favorable to him can be arrived at only by conjecture or speculation, or if there are two or more inferences equally consistent with the established facts, one of which does not involve liability on the part of the employer.

8. SAME—HEART DISEASE—PERSONAL INJURY—PROXIMATE CAUSE—SPECULATION.

Award of workmen's compensation to the second-injury fund was error, where record shows that it is a matter of pure speculation or guess as to whether employee, a furniture truck driver, died as a result of a heart ailment, which is an ordinary disease of life to which the public in general is exposed, hence not compensable, or by reason of some sort of personal injury arising out of and in the course of his employment which caused him to fall down stairs and precipitated a heart attack (2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943; Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943).

9. DEATH—HEART DISEASE—PRESUMPTIONS.

There is a presumption that any death from heart disease is the result of natural causes.

10. COSTS—WORKMEN'S COMPENSATION—SECOND-INJURY FUND.

No costs are allowed appellant employer and insurer on appeal from award of workmen's compensation to the second-injury fund of which the State treasurer is custodian, notwithstand-

ing vacation of the award (Act No. 10, pt. 2, § 8a, Pub. Acts 1912 [1st Ex. Sess.], as added by Act No. 245, Pub. Acts 1943).

Appeal from Department of Labor and Industry. Submitted October 8, 1946. (Docket No. 12, Calendar No. 43,356.) Decided December 2, 1946.

Order by Department of Labor and Industry requiring Samuel Kohlenberg, employer of Frank D. Riley, and New Amsterdam Casualty Company, insurer, to show cause why they should not pay $1,000 into the State treasury. Award requiring such payment. Defendants appeal. Reversed.

*John R. Dethmers,* Attorney General, *Edmund E. Shepherd,* Solicitor General, and *Daniel J. O'Hara,* Assistant Attorney General, for the people.

*Walter A. Mansfield,* for defendants.

NORTH, J. This is an appeal by the employer and the insurer from an award of compensation to the second-injury fund in this State. See Act No. 10, pt. 2, § 8a, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8424–1, Stat. Ann. 1946 Cum. Supp. § 17.158 [1]). For convenience we herein refer to the employee, Frank D. Riley, as plaintiff. While in the employ of the defendant furniture company Riley came to his death October 20, 1944. He left no dependents. After a hearing in response to its order to show cause, the department found: "the evidence is sufficient to support the finding of the deputy commissioner that the fatal injury arose out of and in the course of the employment," and ordered the defendant furniture company "to pay $1,000 into the State treasury for the second-injury fund."

Two contentions are made by appellants. (1) That there is no evidence of a personal injury within the meaning of the compensation act, (2) that there is no evidence that the employee's death resulted from a personal injury or evidence from which that inference may be drawn.

At the outset it may be noted that there is no claim that the employee's death resulted from an occupational disease. So the controlling question on this appeal narrows down to a determination of whether there is any competent testimony from which the inference may be reasonably drawn that plaintiff suffered a personal injury arising out of and in the course of his employment,* which injury caused his death.

Plaintiff was employed as a truck driver by defendant furniture company, and in part his duties involved the delivery of its merchandise. On October 20, 1944, with the assistance of one Steve Szabo, plaintiff undertook to deliver some furniture and a mattress. While carrying the mattress upstairs with Szabo's assistance, plaintiff fell backward and down about seven steps of the stairway. The record disclosed nothing on or about the stairway to which the fall could be attributed and Szabo testified that he did not have any idea what caused plaintiff to fall. Szabo heard the noise of the deceased rolling down the stairs and thereupon went to the foot of the stairs and picked plaintiff up. The latter was either dead at the time or died within a space of two minutes. After the fall there was a cut over the right frontal area of plaintiff's forehead about one and a half inches and there were abrasions over his left forehead, on the left cheek and the left upper lip. An autopsy was performed from which it was

* See 2 Comp. Laws 1929, § 8417, as amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8417, Stat. Ann. 1946 Cum. Supp. § 17.151).—REPORTER.

found there existed the cuts and abrasions above noted, that plaintiff's heart was very large and dilated, no valvular lesion, that the coronaries were patent, that the myocardium exhibited some diffuse fibrosis, that the kidneys were congested, that there was edema of the lungs, and there was no evidence of skull fracture. Further, "There is some edema of the brain with atrophy of the evolutions. No hemorrhage anywhere within the cranial cavity. No evidence of fracture of cervical vertebrae."

The cause of death was given as: "Terminal cardiac failure, and chronic myocarditis;" and there was testimony that this type of heart failure could occur with or without physical exertion, and that deceased's condition was such that his chronic condition could cause a heart attack or heart failure at any time. In appellee's brief it is pointed out that the employer's basic report of an industrial injury stated: "While carrying mattress, injured employee fell downstairs. Cause of fall unknown."

Since by recent amendments to the workmen's compensation act injuries and deaths resulting from occupational diseases have been made compensable, many borderline cases, of which the instant case is typical, have been presented. In deciding such controversies it seems imperative that three principles be kept in mind. (1) The burden of proving a right to compensation is on the party asserting that right. *Pucilowski* v. *Packard Motor Car Co.,* 278 Mich. 240; *Veek* v. *Wesley Freight Co.,* 306 Mich. 485. (2) In awarding compensation to a plaintiff, the department may not indulge in the assumption of a mere possibility in the nature of a guess as to whether plaintiff is entitled to compensation. *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich. 130, 137; *Marman* v. *Detroit Edison Co.,* 268 Mich. 166. (3) Workmen's compensation provided by the

act is not intended to be either sickness, health, or life insurance or to provide benefits for employees suffering from ordinary diseases of life. *Rector* v. *Ragnar-Benson, Inc.,* 313 Mich. 277; Act No. 10, pt. 7, § 1, Pub. Acts 1912 (1st Ex. Sess.), as added by Act No. 61, Pub. Acts 1937, and amended by Act No. 245, Pub. Acts 1943 (Comp. Laws Supp. 1945, § 8485-1, Stat. Ann. 1946 Cum. Supp. § 17.220).

Notwithstanding in a case where compensation, if payable at all, is payable to the second-injury fund it is permissible practice to institute the proceedings by an order to show cause (*Criss* v. *Taylor Produce Co.,* 313 Mich. 457), nonetheless such procedure does not alter the long-established rule of burden of proof. That burden still remains upon the party seeking an award of compensation; and in this type of case, since the State treasurer is the custodian of the fund, the burden of proof must be considered to be upon the State treasurer or his representative.

Admittedly, the department in deciding a case of this character is justified in drawing reasonable inference from established facts. In *Marman* v. *Detroit Edison Co.,* cited above, we said:

"The department of labor and industry may draw reasonable inferences from established facts and circumstances, but may not indulge in the assumption of a possibility based on a possibility and a consequent guess. See *Standard Drug Store* v. *A. E. Wood & Co.,* 227 Mich. 333."

But in *Ginsberg* v. *Burroughs Adding Machine Co., supra,* we held:

"If an inference favorable to the applicant can only be arrived at by conjecture or speculation the applicant may not recover. So if there are two or more inferences equally consistent with the facts, arising out of the established facts, the applicant must fail."

Again in *Chaudier* v. *Stearns & Culver Lumber Co.*, 206 Mich. 433, 442 (5 A. L. R. 1673), we said:

"And where two inferences equally consistent with the facts arise out of established facts, one involving liability on the part of the employer under the act and the other relieving him from liability, the applicant must fail."

Viewed in the light of the foregoing authorities, and others to the same effect which might be cited, we are of the opinion that the department was in error in awarding compensation in the instant case. As we review the record it is a matter of pure speculation or guess as to whether the employee died as a result of his heart ailment, which admittedly is an ordinary disease of life to which the public is generally exposed and not compensable, or whether his death was occasioned by some sort of personal injury arising out of and in the course of his employment. The law applicable to cases wherein the employee's death results from heart disease in the course of his employment is well stated in *Lohndorf* v. *Peper Bros. Paint Co.*, 134 N. J. Law, 156 (46 Atl. [2d] 439). We quote:

"There is a presumption that any death from heart disease is the result of natural causes. Coronary thrombosis 'ordinarily ensues from coronary sclerosis or other morbid state. * * * The onus is on claimant to establish that the asserted accident was at least a contributory cause without which the occlusion would not have occurred.' *Schlegel* v. *H. Baron & Co.*, 130 N. J. Law, 611 (34 Atl. [2d] 132). * * * 'The law places the burden of proof on the petitioner for compensation. * * * That must be a rational inference, *i. e.*, based upon a preponderance of probabilities according to the common experiences of mankind. It is required to be a probable or more probable hypothesis with reference to the possibility of other hypotheses.' "

Under the record in this case it is a matter of pure guess or mere speculation as to whether a heart seizure caused plaintiff's death and the attendant fall down the stairs, or whether in the course of his employment from some unknown cause he fell, sustained personal injuries, and a fatal heart attack was thereby precipitated. Under the latter assumption the department awarded compensation, but if death resulted from heart disease compensation should be denied. Upon the record before us, it cannot be said that the party seeking the award of compensation has established a right thereto.

The award of $1,000 to the State treasury for the second-injury fund is vacated. No costs on this appeal.

BUTZEL, C. J., and CARR, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred. DETHMERS, J., did not sit.