MOORE v. MICHIGAN STATE POLICE.

1. WORKMEN'S COMPENSATION—PARTIAL DISABILITY—BACK INJURIES
—FINDING OF COMMISSION—EVIDENCE.
    Finding of workmen's compensation commission that plaintiff
    was partially disabled from August 20 to November 5, 1948
    as a result of injuries to back sustained March 10 and April
    15, 1948 *held*, sustained by sufficient competent evidence
    (CL 1948, § 413.12).

2. COSTS—BRIEFS.
    No costs are allowed appellee upon affirmance of award of
    workmen's compensation, where appellee did not file a brief
    on appeal.

Appeal from Workmen's Compensation Commission. Submitted June 8, 1950. (Docket No. 33, Calendar No. 44,699.) Decided September 11, 1950.

John Wesley Moore presented his claim for compensation against Michigan State Police, employer, and State Accident Fund, insurer, for injuries sustained while in its employ. Award to plaintiff. Defendants appeal. Affirmed.

*Henry A. Compeau (Rowland E. Giller, of counsel), for defendants.

BUTZEL, J. The Michigan State Police and the State accident fund have appealed from an order

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 58 Am Jur, Workmen's Compensation, §§ 450–453.
[2] 14 Am Jur, Costs, § 92.

of the workmen's compensation commission award-
ing compensation to John Wesley Moore for partial
disability during the period from August 20, 1948,
to November 5th of the same year. The sole question
they have presented is: "Has the plaintiff met the
burden of proof that he has any physical disability
or loss of wage earning power due to any condition
peculiar to or arising out of his employment which
would entitle him to benefits provided by the Mich-
igan workmen's compensation act?"

Plaintiff was continually employed as a janitor by
the Michigan State Police from October, 1923, to
August, 1942, and from October, 1944, to May 13,
1948. In the last 2 years of his employment he suf-
fered 4 injuries, 2 of which are the basis of the award.
On March 10, 1948, he slipped and wrenched his back
while lifting a heavy desk in order to place casters
under it, and on April 15th, while carrying a heavy
scrubbing machine up some stairs, he stumbled and
felt pain in the lower part of his back. He continued
his regular work until the date of his resignation
about a month later.

On August 20, 1948, he obtained employment with
the Union Telephone Company as a janitor, after
being examined by the company physician and cer-
tified for light duty only. He worked 8 hours the
first day, but his back so pained him and he became
so tired from a full day's work that he worked there-
after for only 4 to 6 hours per day.

The commission found that his injuries arose out
of and in the course of his employment and were all
promptly reported to his superiors. They further
found that the dull pain or ache suffered by him
resulted from the 2 injuries mentioned, but that the
first evidence of disability was on August 20, 1948,
when he became unable to do a full day's work. They
found that his condition was entirely subjective and
that he also has mild arthritis of the kind common

in men of his age, but which was insufficient to explain his complaints. They further stated that they seriously doubted if any of the disability for the injuries remained after November 5, 1948, and that plaintiff had failed to sustain the burden of proving continuation of his disability after that date.

This opinion is restricted to the sole question raised by the defendants. They contend that the commission based its award purely upon speculation, conjecture and surmise, totally unsupported by the evidence; that plaintiff has not sustained the burden of establishing his claim; that there was no evidence of disability; and that even were evidence of disability introduced, the arthritic condition of plaintiff would have presented equally consistent inferences as to the cause of that disability, thereby barring any award. The award would have to be set aside were defendants' contentions correct. *Riley* v. *Kohlenberg,* 316 Mich 144. However, a careful consideration of the record leads to the conclusion that while the evidence is not at all strong, there is sufficient competent testimony to sustain the finding that plaintiff was partially disabled from August 20, 1948, until November 5th of the same year as a result of the accidental injuries to his back (CL 1948, § 413.12 [Stat Ann 1949 Cum Supp § 17.186]), though the testimony is clear that after that date any incapacity from that cause had ceased.

The award is affirmed, without costs as appellee filed no brief.

BOYLES, C. J., and REID, NORTH, DETHMERS, CARR, BUSHNELL, and SHARPE, JJ., concurred.