ASH *v.* GREAT LAKES GREYHOUND LINES.

1. WORKMEN'S COMPENSATION—HERNIA—STRAIN—EVIDENCE.

It may not be inferred or assumed that keeper of tool crib suffered a strain in lifting a brake-drum machine in the absence of any proof justifying such an inference, and testimony shows he experienced no sensation in his groin but did discover he had a hernia over 6 weeks later and claimed workmen's compensation therefor (CL 1948, § 417.1).

2. SAME—CONJECTURE.

An award of workmen's compensation may not be based on speculation and conjecture.

3. SAME—HERNIA—BURDEN OF PROOF.

The burden rests on a plaintiff claiming workmen's compensation for hernia to offer proof, in support of his claim, fairly and reasonably justifying the conclusion that the hernia resulted from a strain arising out of and in the course of the employment (CL 1948, § 417.1).

4. SAME—PURPOSE OF ACT—INSURANCE.

The workmen's compensation act is not intended to be either sickness, health, or life insurance or to provide benefits for employees suffering from ordinary diseases of life (CL 1948, § 411.1 *et seq.*).

5. EVIDENCE—INFERENCES.

Inferences must be drawn from established facts and may not be built upon inference or be contrary to the undisputed evidence.

6. WORKMEN'S COMPENSATION—INFERENCE—CONJECTURE.

An applicant for workmen's compensation may not recover if an inference favorable to him can only be arrived at by conjecture or speculation.

---

REFERENCES FOR POINTS IN HEADNOTES

[1, 2, 6–8] 58 Am Jur, Workmen's Compensation § 450.
[3] 58 Am Jur, Workmen's Compensation § 433.
[4] 58 Am Jur, Workmen's Compensation §§ 210–212.
[5] 20 Am Jur, Evidence § 164.

7. SAME—INFERENCES.

An applicant for workmen's compensation may not recover, where there are 2 or more inferences equally consistent with the established facts and 1 is not favorable to the applicant.

8. SAME — INFERENCES — HERNIA — COUGHING — LIFTING BRAKE MACHINE.

Keeper of tool crib may not recover workmen's compensation for hernia, where evidence fails to show he suffered any strain at time he moved a brake-drum machine and first experienced pain at time he had a cold which was accompanied by a coughing spell, over 6 weeks later, it being as reasonable to assume his disability resulted from coughing as from lifting the machine (CL 1948, § 417.1).

Appeal from Workmen's Compensation Commission. Submitted June 4, 1953. (Docket No. 42, Calendar No. 45,676.)  Decided October 5, 1953.

William Ash presented his claim for compensation against Great Lakes Greyhound Lines, employer, and Continental Casualty Company, insurer, for hernia alleged to have arisen out of and in course of employment. Award to plaintiff. Defendants appeal. Reversed and remanded.

Alexander, Cholette, Buchanan, Perkins & Conklin, for defendants.

CARR, J. Plaintiff received an award of compensation for disability resulting from hernia. Defendants have appealed, asserting that there was no evidence before the workmen's compensation commission on which to base a finding that such hernia was recent in origin or that it resulted from strain arising out of and in the course of plaintiff's employment. Reliance is placed on the following proviso appearing in part 7, § 1(c) (CL 1948, § 417.1 [Stat

Ann 1950 Rev § 17.220]), of the workmen's compensation law:*

"Provided, however, That a hernia to be compensable must be clearly recent in origin and result from a strain arising out of and in the course of the employment and promptly reported to the employer."

Plaintiff's application for hearing and adjustment of claim, which was dated January 29, 1952, alleged that the disablement for which he sought compensation occurred "on or about November of 1951," and that the hernia was discovered on or about January 18, 1952. On the hearing before a deputy of the compensation commission plaintiff testified that he was 68 years of age, that he had been in the employ of the defendant Great Lakes Greyhound Lines for approximately 25 years, that during the last 3 years of such period he was in charge of a tool crib, and that such work was light, consisting mainly of issuing tools to other employees. He further stated that the heaviest article that he was required to handle in the course of his employment was a so-called brake machine, which was not frequently used and which he ordinarily moved not more than 3 times a year. The weight of such machine is not shown. It was plaintiff's claim that in November, 1951, he moved the brake machine from a bench where it had been left by another employee, placed it on the floor, and then swung it under the bench. He did not at the time experience any pain or other sensation indicating that the handling of the brake machine caused a strain.

Plaintiff further testified that in January, 1952, he contracted a cold which persisted for several days, finally causing him to consult a physician on the 18th

---

* PA 1912 (1st Ex Sess), No 10, as amended (CL 1948, § 411.1 *et seq.*, as amended [Stat Ann 1950 Rev and Stat Ann 1951 Cum Supp § 17.141 *et seq.*]).

of January. When coughing, he experienced pain or an uncomfortable sensation in the left groin. He told his physician of such fact. The latter made an examination and informed plaintiff that he had a hernia. Shortly thereafter the application for compensation was filed, and a hearing was had on January 29, 1952. At that time plaintiff had not been operated on but indicated in his testimony that it was his intention to seek correction of his disability in that manner. It appears from the finding of the commission on appeal from the deputy's award that prior to its action the hernia had been corrected by surgery, and that plaintiff had returned to work on March 10, 1952. The order entered allowed him compensation at the rate of $28 per week for total disability from January 11th to March 10th, together with the cost of medical and hospital service rendered. Such award was based on the conclusion that the hernia could have resulted from a strain suffered by plaintiff when he lifted the brake machine in November, 1951. It is the claim of the appellants that the facts disclosed by the testimony afford no basis for the award made by the commission.

The following excerpt from the testimony of the plaintiff on his examination by the deputy commissioner fairly indicates his theory and claim as to the cause of the hernia:

"*Q.* Now, in your application for hearing and adjustment of claim, you allege that you felt a dull pain in your left groin at some time, can you tell us when that was, sir?

"*A.* Well, it must have been somewhere about January or somewhere, I'll tell you when I felt it, about the 1st or 2d of January.

"*Q.* Of what year, sir?

"*A.* 1952.

"*Q.* Of this year?

"*A.* Yes, sir, this year.

"*Q.* And you were working for the Greyhound Company at that time?

"*A.* Yes, sir.

"*Q.* Will you tell us how it happened, please?

"*A.* Yes, sir, I'll tell you how it happened. They got what you call a brake-drum machine, and it is a long one, but it is an awkward thing to handle, and well, I picked it up just like this, and put it on the floor, and there is a handle on it, then I stood back, put the handle like that, and took ahold of the handle and swung it on a shelf underneath, but at the time, I didn't feel anything, you know.

"*Q.* Excuse me, what were you taking this machine off of, sir?

"*A.* Off a bench.

"*Q.* Off of a bench?

"*A.* Yes, sir, the work bench.

"*Q.* Yes, all right, go ahead, sir?

"*A.* And then I dropped it on the floor.

"*Q.* I'm following you, go ahead?

"*A.* And I put one hand down and got ahold with one hand, and one hand to rest myself, and I swung it onto a shelf, onto the same bench.

"*Q.* And did you experience any—can you say what you experienced?

"*A.* I didn't experience anything that hurt me at the time.

"*Q.* You did not experience anything?

"*A.* No, not at the time, sir.

"*Q.* Did you experience any unusual sensation afterwards?

"*A.* Afterwards, about a week or so, I just felt a little pain there, and—but I didn't pay any attention to that.

"*Q.* Now, when you say that—would you say that was about the 7th or 8th of January?

"*A.* Well, this happened—no, this happened about in November, is when I done this, but when the results come was in about January.

"*Q.* I see. So it was in November that you had the injury?

"*A.* Yes, sir.

"*Q.* And you felt this pain about the 1st or 2d—

"*A.* About January 1st is when I felt the pain."

On cross-examination by counsel representing defendants, plaintiff further testified as follows:

"*Q.* Have you any idea the approximate date in November that you moved this machine, Mr. Ash?

"*A.* No, I have not. I think it was about the middle of the month some time.

"*Q.* About the middle of November?

"*A.* Yes, sir, that is all I can say.

"*Q.* And you said that you first felt this pain in your groin either the first or second of January?

"*A.* Somewhere around that time, yes, sir.

"*Q.* And you didn't go to Dr. Tassie until January 18th, did you?

"*A.* That is right, I didn't go to any doctor, you know, because I thought there was nothing to it. * * *

"*Q.* And you lifted this machine, removed this brake from the machine about the middle of November, and the first time that you noticed any pain in your groin was when you had this cold in January?

"*A.* That is right.

"*Q.* And it was the coughing associated with this cold that attracted your attention to this, to your groin?

"*A.* That is right, sir."

The mere fact that plaintiff moved the brake machine in the manner described by him does not justify an inference that he suffered a strain at the time. It is significant in this respect that he experienced at the time no sensation in the left groin. The factual situation disclosed by the record differs in such respect from that presented in *Brozozowski* v. *Swedish Crucible Steel Co.,* 298 Mich 146, 151; *Pieczynski* v. *Brunswick, Balke, Collender Co.,* 335 Mich 303, 305,

and other cases of like nature. In the absence of any proof that plaintiff suffered a strain in the lifting of the brake machine it may not be inferred or assumed that he did so. An award of compensation may not be based on speculation and conjecture. The burden rested on the plaintiff to offer proof, in support of his claim, fairly and reasonably justifying the conclusion that the hernia resulted from "a strain arising out of and in the course of the employment." *Draper* v. *Regents of University of Michigan,* 195 Mich 449.

In *Riley* v. *Kohlenberg,* 316 Mich 144, it was said:

"Since by recent amendments to the workmen's compensation act injuries and deaths resulting from occupational diseases have been made compensable, many borderline cases, of which the instant case is typical, have been presented. In deciding such controversies it seems imperative that 3 principles be kept in mind. (1) The burden of proving a right to compensation is on the party asserting that right. *Pucilowski* v. *Packard Motor Car Co.,* 278 Mich 240; *Veek* v. *Wesley Freight Co.,* 306 Mich 485. (2) In awarding compensation to a plaintiff, the department may not indulge in the assumption of a mere possibility in the nature of a guess as to whether plaintiff is entitled to compensation. *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich 130, 137; *Marman* v. *Detroit Edison Co.,* 268 Mich 166. (3) Workmen's compensation provided by the act is not intended to be either sickness, health, or life insurance or to provide benefits for employees suffering from ordinary diseases of life."

See, also, *Trumble* v. *Michigan State Police,* 325 Mich 237; *Wiltse* v. *Borden's Farm Products Company of Michigan,* 328 Mich 257.

Under the facts disclosed by the record it is as reasonable to assume that plaintiff's disability resulted from his coughing as it is to assume that the

lifting of the brake machine caused a strain producing such result. As appears from plaintiff's testimony his attention was not directed to the condition other than by his coughing at the time he suffered from a cold in January, 1952.

In *Ginsberg* v. *Burroughs Adding Machine Co.,* 204 Mich 130, the Court, after referring to the right of the trier of the facts to draw legitimate inferences from established facts, said:

"But the inferences drawn must be from established facts; inference may not be built upon inference, possibilities upon possibilities, or inferences drawn contrary to the established facts, contrary to the undisputed evidence. If an inference favorable to the applicant can only be arrived at by conjecture or speculation the applicant may not recover. So if there are 2 or more inferences equally consistent with the facts, arising out of the established facts, the applicant must fail."

It is unnecessary to consider other issues raised by appellants in their brief. Under the testimony in the case, the award cannot be sustained, there being no proofs on which to base a legitimate inference that plaintiff's disability arose out of and in the course of his employment. The proceeding is remanded to the commission with directions to set aside the award and to enter an order in accordance with this opinion. Appellants may have costs.

Dethmers, C. J., and Adams, Butzel, Bushnell, Sharpe, Boyles, and Reid, JJ., concurred.