BOTTS-HULME & ODELL et al.
v.
TATE et al.
No. 35807.

Supreme Court of Oklahoma.
Sept. 29, 1953.
As Amended Nov. 3, 1953.
Rehearing Denied Jan. 19, 1954.

H. R. Palmer, Fenton and Fenton, Oklahoma City, for petitioners.

Dick Bell, Seminole, Mac Q. Williamson, Atty. Gen., for respondents.

CORN, Justice.

This proceeding was commenced by William H. Tate as administrator of the estate of Patrick N. Tate. The award was made to Fred Tate and Lillie Tate, the father and mother of Patrick N. Tate, under the provisions of 85 O.S.1951 § 22, subd. 7, the death benefit provision of the Workmen's Compensation Act. The proceeding is brought by Botts-Hulme & Odell, employer, and United States Fidelity & Guaranty Company, insurance carrier to review said award.

The evidence discloses that on the 22nd day of July, 1952, Patrick N. Tate was employed in the cement plant of Botts-Hulme & Odell, employer, at Ada, Oklahoma. He was in a hole or shaft working on a pump. He and his brother worked on the pump in the morning of said date until approximately 10:30. The brother left the shaft and when he returned a few minutes later he found Patrick N. Tate lying on the shaft floor. Any attempt to revive him was unsuccessful. The bottom of the shaft or floor of same was covered with water which had seeped in and in the shaft was a pump which both Patrick N. Tate and his brother had been working in order to repair the same for the purpose of pumping water from the shaft. The pump was operated by a connection from an electric motor and this connection was faulty. Patrick N. Tate had on a pair of boots and these boots were filled with water. The testimony is that the bottom of the shaft was constantly wet and partially covered with water.

Patrick N. Tate was 20 years of age at the time of his death and prior to his death had been in sound physical condition.

It is first argued that there is no competent evidence to sustain the finding of the State Industrial Commission that Patrick N. Tate died by reason of an accidental injury arising out of and in the course of his employment. Petitioners cite several cases, among them: Reap v. Kehoe-Berge Coal Co., 140 Pa.Super. 510, 14 A.2d 147; Pucilowski v. Packard Motor Car Co., 278 Mich. 240, 270 N.W. 282; Mullen v. City of Hastings, 125 Neb. 172, 249 N.W. 560; Riley v. Kohlenberg, 316 Mich. 144, 25 N.W.2d 144. We have examined these cases and find they are not in point. In Reap v. Kehoe-Berge Coal Co., supra, there was no testimony as to the defect in electric equipment. In Pucilowski v. Packard Motor Co., supra, an autopsy revealed that the employee died of epilepsy and not of an accidental injury. In Riley v. Kohlenberg, supra, the employee fell down a stairway while carrying a carpet up the stairway. An autopsy revealed the death resulted from a heart attack. There was no medical evidence to support the theory that the heart attack was caused by an accidental injury arising out of and in the course of the employment. In Mullen v. City of Hastings, supra, the court stated that the case was tried de novo and that upon a review of all the evidence the court found by a preponderance of the evidence that the death was not due to an accidental injury. The other cases cited by petitioners can likewise be distinguished. In the case at bar petitioners offered no testimony and suggested no reason for the death of the 20 year old employee whose physical condition prior to the date of his death was shown to be excellent.

The doctor who testified for claimant stated that he saw Patrick N. Tate a few minutes after his death; that in his opinion the employee died of a shock caused by electricity. He said he based this on the fact that the employee was a young man in apparent good health and that he found a flushed condition of the employee's face indicating shock.

Under the rule announced by this court in City of Kingfisher v. Jenkins, 168 Okl. 624, 33 P.2d 1094, we are of the opinion and hold that there is competent evidence rea-

sonably tending to support the finding of the State Industrial Commission that Patrick N. Tate died of an accidental injury arising out of and in the course of his employment. See, also, in this connection Swift & Co. v. Brown, 202 Okl. 572, 216 P.2d 294.

In a second proposition petitioners argue that the claim was improperly filed because it was presented by William H. Tate, administrator of the estate of Patrick N. Tate, and should have been presented by Fred Tate and Lillie Tate.

In the cases of Capitol Steel & Iron Co. v. Fuller, 206 Okl. 638, 245 P.2d 1134, and E. G. Nicholas Construction Co. v. State Industrial Commission, 207 Okl. 428, 250 P.2d 221, we pointed out that a claim for death benefits under the Workmen's Compensation Law must be filed and prosecuted by the same persons who, under the provisions of the wrongful death statutes, 12 O.S.1951 §§ 1053 and 1054, must file and prosecute that action. They are: First, "the personal representative" of the deceased, if there be one; second, if there be no personal representative, then "by the widow"; third, if there is no personal representative and "where there is no widow, by the next of kin of such deceased." In the case at bar, the administrator was the proper party to present and prosecute the claim. The award issued "to the exclusive benefit of the * * * next of kin", Fred Tate and Lillie Tate, parents of deceased, there being no "surviving spouse" or "children". 12 O.S.1951 § 1053.

In a third and final proposition it is argued that since the evidence discloses that the father and mother were not totally dependent upon the son, Patrick N. Tate, the award should be a proportionate part of the $13,500 allowed by statute. In the case of Cimarron Telephone Co. v. Nance, Okl.Sup., 255 P.2d 931, a similar, if not identical, question was presented and this court held to the contrary. Therein this court stated:

"Under Title 85, Chap. 2, Sec. 7, S.L. 1951, Workmen's Compensation Law, 85 O.S.1951, Sec. 22, where death is caused by an accidental injury sustained by an employee while engaged in a hazardous employment and arising out of and in the course of his employment, who leaves surviving him dependents, as that term is defined by the Act, such dependents are entitled to recover compensation in the sum of $13,500. The statute does not purport to proportion compensation allowed based upon percentage of dependency. Therefore, where claimants claiming to be dependents are not wholly but only partially dependent upon deceased employee for such support, and such employee during his lifetime makes substantial contributions to their support claimants are entitled to recover full compensation allowable under said section."

The award is sustained.

HALLEY, C. J., JOHNSON, V. C. J., and DAVISON, O'NEAL, WILLIAMS and BLACKBIRD, JJ., concur.