HOPSON v CHRYSLER CORPORATION

WORKMEN'S COMPENSATION—WORKMEN'S COMPENSATION APPEAL
   BOARD—FINDINGS OF FACT—ABSENCE OF FRAUD—CONCLUSIVE-
   NESS.
   Constitution and statute provide that even though the Work-
   men's Compensation Appeal Board never hears the witnesses,
   sees them on the stand, has no opportunity to assess their
   credibility, observe their demeanor or do any of the other
   things the usual fact-finder does, its findings of fact made while
   acting within its powers, in the absence of fraud shall be
   conclusive (Const 1963, art 6, § 28; MCLA 418.861).

Appeal from Workmen's Compensation Appeal
Board. Submitted Division 2 February 13, 1975, at
Detroit. (Docket No. 19248.) Decided March 25,
1975.

Claim by Wesley Hopson against Chrysler Cor-
poration for workmen's compensation. Compensa-
tion denied by Workmen's Compensation Appeal
Board. Plaintiff appeals. Affirmed.

*Volz, Mintz & McDonough, P. C.,* for plaintiff.

*Lacey & Jones,* for defendant.

Before: V. J. BRENNAN, P. J., and D. E. HOL-
BROOK, JR. and O'HARA,* JJ.

O'HARA, J. Once upon a time there was an
administrative tribunal in Michigan called the

REFERENCE FOR POINTS IN HEADNOTE
58 Am Jur, Workmen's Compensation § 483.

* Former Supreme Court Justice, sitting on the Court of Appeals by
assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

Industrial Accident Board. It was created in 1912 and consisted of three members. MCLA 413.1; MSA 17.174. These members and persons designated "deputy members" heard industrial accident cases, conducted inquiries and investigations and did all the other things the statutes mandated. For example, see: MCLA 413.3; MSA 17.176, MCLA 413.7; MSA 17.181, MCLA 413.8; MSA 17.182.

Review of a member's or deputy's decision by the commission itself was provided for pretty much the same as it is now. MCLA 413.8; MSA 17.182, MCLA 413.11; MSA 17.185. There was no appeal board as such. Judicial review then as now was limited and the commission's findings of fact supported by any admissible evidence were insulated from judicial tampering absent fraud. MCLA 413.12; MSA 17.186. Michigan grew; so did the agency. It came to be known as the Workmen's Compensation Bureau. MCLA 418.201; MSA 17.237(201). It acquired a director, hearing referees who were required to be attorneys, and an appeal board. MCLA 418.201, *supra,* MCLA 418.203; MSA 17.237(203), MCLA 418.205; MSA 17.237(205), MCLA 418.211; MSA 17.237(211), MCLA 418.251; MSA 17.237(251), MCLA 418.255; MSA 17.237(255), MCLA 418.261; MSA 17.237(261), MCLA 418.265; MSA 17.237(265).

The appeal board came to have eleven members, a majority of whom had to be attorneys. MCLA 418.251, *supra.* The old proviso that no more than two of the three members could be of one political party—or as now it would have to be, in order to be as closely as possible politically balanced, no more than six could be members of one political party—was deleted.[1]

Presently it is the findings of fact made by the

---

[1] MCLA 413.1; MSA 17.174.

board that ultimately qualify, on leave granted, for review by this Court.

If all this seems irrelevant, or, as the lawyer-members of the board might call it obiter dictum, it isn't. It goes to the question of why the findings of fact of an appellate board that virtually never hears a witness, sees him on the stand, had no opportunity to assess his credibility, observe his demeanor, or do any of the other things the usual fact-finder does are conclusive in the absence of fraud. MCLA 418.861; MSA 17.237(861). All of this is, of course, the Legislature's business and not ours. We put it in here in the hope that some legislator might read it.

In this case the referee (now administrative judge) made a finding that plaintiff, a 20-year employee of Chrysler Corporation, was subject over the years to the inhalation of cotton and other similar fibers. He made a finding that he had a lung disability and silicosis and awarded him benefits based on weekly earnings of $144 per week. He apparently based his findings on the following medical testimony:

"*Q.* And what was your diagnosis?

"*A.* I made a diagnosis of pneumoconiosis with possible byssinosis, a disease due to inhalation of cotton and other similar fibers. I also made a diagnosis of inactive pulmonary tuberculosis, but this was not a final diagnosis. It was only made on the basis of the reports that I obtained from Herman Kiefer [Hospital].

"*Q.* Doctor, did you have an opinion as to whether or not this man's—first of all, let's take the pneumoconiosis—was in any way related to his employment?

"*A.* Yes, I believe it was.

"*Q.* And, now, as to the byssinosis, did you have an opinion—as to the cause of that?

"*A.* I believe that it was also associated with his occupation.

"*Q.* And the tuberculosis?

"*A.* Well, it is well known that in many of these

cases, tuberculosis is often a secondary infection because of the decreased resistance. And I believe that in this case, this man probably, if tuberculosis is proven, was probably due to the foregoing conditions.

"*Q.* In your opinion, would this man be able to return to general employment in factory work?

"*A.* Absolutely not. [It] would do him great harm to return to his former occupation or any condition, any occupation where he would be exposed to similar dust."

Another doctor (the testimony of both was by deposition) after giving *his* reasons for it reached these conclusions:

"*Q.* Doctor, in your opinion, could the condition or is the condition which you found in Mr. Hopson a result of his exposure in the course of his employment at Chrysler Corporation?

"*A.* It would be my opinion that the x-ray changes in the lung are secondary to inflammatory granulomatous process, either fungus or tuberculosis, with tuberculosis being the most likely process, and his employment with the trim shop with certain exposure to various fibers and so on do not in my opinion either cause or aggravate this type of infectious lung condition."

The appeal board chose to accept this testimony and found as follows:

"In conclusion, the proofs in this case are not of the degree that would allow us to affirm the referee; therefore, the prior decision is reversed; the burden of proof was unmet. See *Pucilowski v Packard Motor Car Co,* 278 Mich 240; 270 NW 282 (1936) and *Veek v Wesley Freight Co,* 306 Mich 485; 11 NW2d 213 (1943)."

The statute, to say nothing of the Constitution, provides that the findings of fact of the appeal board acting within its powers, in the absence of fraud, shall be conclusive. MCLA 418.861, *supra;* Const 1963, art 6, § 28.

The appeal board is affirmed.